# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

INFORMATION  RESOURCE GROUP,   )
INC.,                                 )
                                   )
                Plaintiff,      )
                                   )
        v.                    )       Case No. 07-4209-CV-C-NKL
                                   )
TIER TECHNOLOGIES, INC.,      )
                                   )
              Defendant.     )

## ORDER

Pending before the Court is Plaintiff TIER Technologies Inc.'s ("TIER") Motion to Dismiss Information Resource, Inc.'s ("Information Resource") Complaint [Doc. # 5]. Because the parties' forum selection clause does not apply to Information Resource's claims, TIER's Motion to Dismiss is denied.

## I.     Overview

Under the terms of the "Subcontractor Agreement" ("Subcontract") signed in April, 1999, Information Resource agreed to provide information technology ("IT") personnel for TIER's computer and IT service projects with the State of Missouri.  (Doc. # 11, 1). Information Resource alleges that TIER breached the Subcontract in part by attempting to hire away one of its IT professionals and failing to use reasonable efforts to place Information Resource personnel when the State of Missouri awarded it new contracts. (Compl. ¶ 8).  Information Resource originally filed this action in Missouri state court, and

1

TIER removed to this Court based on diversity jurisdiction.

The Subcontract is composed of three parts: the original Subcontract signed in April, 1999; "Amendment No. 1" to the Subcontract signed on July 17, 2006; and, individual "Statements of Work" describing each job given to Information Resource by TIER. Each "Statement of Work" is labeled as an appendix (A-L) to the Subcontract and each is signed by TIER's senior vice-president, Todd Vucovich and Information Resource's President, Shyam Goel. *See* (Doc. 6, Ex. A). Information Resource's claims are based on the Subcontract and the Amendment, not on any Statement of Work. TIER seeks to dismiss Information Resource's claim based on a forum selection clause which limits claims based on the Subcontract to state and federal courts within Virginia.

Section 2 of the Subcontract between TIER and Information Resource reads as follows:

> Entire Agreement
> This Agreement and any referenced appendices hereto, including Statements of Work and the terms and conditions contained therein, constitute the entire agreement between the Subcontractor and Tier with respect to the services . . . In the event of any direct conflict in terms and conditions between the Statement of Work and this Agreement, the terms of this Agreement shall control.

Section 16 of the Subcontract provides that "[t]his Agreement shall be governed by the laws of the State of California without regard to its conflict of laws provisions." Section J of each "Statement of Work" appendix provides:

> For the purposes of this Statement of Work, the Agreement and this Statement of Work shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia,

2

excluding its conflicts of law rules. Exclusive jurisdiction and venue for any claim or action arising out of or relating to this Agreement shall be in the state or federal courts located in the Commonwealth of Virginia. Each party agrees that any such court shall have *in personam* jurisdiction over it and consents to service of process in any matter authorized by the law of the Commonwealth of Virginia. The provisions of this section shall survive the expiration or termination of this Agreement.[1]

## II.    Discussion

Under the plain terms of the Subcontract, California law applies to the interpretation of the Subcontract and Virginia law applies to the interpretation of each "Statement of Work", including Section J's choice of law and choice of forum clauses. The Court must give effect to the mutual intent of the parties based on the plain meaning of the contract language.  Cal. Civ. Code §§ 1636, 1638.; *see also Buss v. Superior Court*, 939 P.2d 766, 787 (Cal. 1997) (citing *Waller v. Truck Ins. Exchange, Inc*., 900 P.2d 619). The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.  Cal Civ Code § 1641 (2007).

In this case, the plain meaning of Section J's forum selection clause is that it applies to any "claim or action arising out of" services specified in a Statement of Work. Section J clearly limits its applicability: "For purposes of *this* Statement of Work . . ." (emphasis added).  The only interpretation of the Subcontract which gives effect to every

---

[1]Information Resource has produced a 1999 "Statement of Work" which did not contain Section "J".  TIER evidently modified its form to include Section "J" between 1999 and 2006.

3

part is an interpretation which limits the applicability of the forum selection clause to each Statement of Work. TIER's interpretation -- that any one of the forum selection clauses located within a "Statement of Work" applies to the whole of the Subcontract -- would mean that: 1) the Subcontract and the "Statements of Work" would conflict as to whether California or Virginia law applied, and 2) the Subcontract would include eight redundant forum selection clauses.

There is one ambiguous portion of Section which provides that "[e]xclusive jurisdiction and venue for any claim or action arising out of or relating to *this Agreement*," must be brought in Virginia. (Emphasis added). "Agreement" is not specially defined in any part of the Subcontract, Amendment or Statements of Work. However, even if TIER is correct that "this Agreement" refers to the Subcontract, given the limitation provided in the first sentence of Section J, the only interpretation consistent with giving effect to each part of the Subcontract is that the Subcontract must be construed under Virginia law, in Virginia, *if* a claim arises from a "Statement of Work." Although TIER argues that this interpretation "would require the Court to conclude that the parties intended to litigate claims . . . in a piecemeal fashion in different forums," the Court must give effect to the parties' intent. Because the forum selection clause does not apply to Information Resource's claims, the Court need not reach the question of its enforceability.

## II.    Conclusion

Accordingly, it is hereby ORDERED that TIER's Motion to Dismiss Information

Case 2:07-cv-04209-NKL    Document 23    Filed 01/07/08    Page 4 of 5

Resource's Complaint [Doc. # 5] is DENIED.


                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge


Dated:  January 7, 2008
Jefferson City, Missouri